TILFORD BEAN v. F. W. TOLAND.

(No. 789, Op. Book No. 2, p. 242.)

APPEAL from Lampasas County.  Opinion by WATTS, J.

§ **1022.** *Jurisdiction of county court; suits for trial of title to land; to remove cloud from title; a house is part of realty.*   Toland alleged that he was the legal and equitable owner of a certain lot and a house thereon; that Bean and another party were wrongfully and illegally removing the house from the lot, and that defendants were claiming the house under certain deeds and a bill of sale which were fraudulent.   He prayed for an injunction restraining defendants from removing the house, and for a cancellation of the alleged fraudulent deeds and bill of sale, and for damages.   A trial resulted in a judgment for Toland for the possession of the house, and for $25 damages, a cancellation of the deeds and bill of sale, and a perpetuation of the preliminary injunction.   *Held,* the constitution provides that "the county courts shall not have jurisdiction of suits for the recovery of land." [Const. art. V, sec. 16.]   The object and purpose of the convention in this inhibition was to give to the district court exclusive jurisdiction to adjudicate and determine titles to land, for by the same instrument [art. V, sec. 8] it is provided that the district court shall have original

jurisdiction " of all suits for the trial of title to land and the enforcement of liens thereon." The value of the land in controversy is immaterial. Whatever may be its value, when the title is to be passed upon and determined, the county court has no jurisdiction, and should it assume the power, its adjudication in such case would be *coram non judice* and void. That a suit to annul and cancel deeds or other instruments evidencing title to land is an adjudication upon and a trial of the title to the land, is much too plain for controversy. The gist of such action is, plaintiff claims to be the true owner of the land, and that the defendant holds written instruments evidencing title in himself, and thereby casts a cloud upon the title of the plaintiff. What must and does the court determine in such case? First, that the plaintiff has title to the property; secondly, that the instruments held by the defendant do not constitute title in him, and do cast a cloud upon that of plaintiff. As a general rule, a house situated on the realty or land of the owner of both house and land is a fixture, and belongs to and is a part of the soil. In the case before us, the plaintiff claims in his petition to be the legal and equitable owner of the lot and the house thereon. There is nothing in the pleadings exempting the house in controversy from the general rule stated above, and it is to the pleadings we must look in determining the question presented for our adjudication; from these it appears that the house was a fixture, a part of the soil, and that the county court had no jurisdiction and erred in overruling appellant's exceptions.

March 9, 1881.          Reversed and remanded.